UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID VAN WORMER

        Plaintiff,

  -against-                                   1:05-CV-441
                                                  (LEK/DRH)

CITY OF RENSSELAER,
FREDERICK M. FUSCO,
JAMES FRANKOSKI,
MARK PRATT,
MAUREEN NARDACCI,
MARGARET VAN DYKE, and
LYNN GANANCE

        Defendants.

## MEMORANDUM-DECISION AND ORDER

Plaintiff David Van Wormer ("Plaintiff") commenced this action on April 8, 2005 against Defendants in connection with the City of Rensselaer's termination of his employment as a police officer in the city's police department ("Department"). See Compl. (Dkt. No. 1). Plaintiff has sued the City of Rensselaer, Frederick Fusco ("Chief Fusco"), Chief of the Rensselaer City Police Department, James Frankoski ("Deputy Chief Frankoski"), Deputy Chief of the Rensselaer City Police Department, the city's Board of Public Safety at the time of Plaintiff's dismissal: Mark Pratt ("Pratt"), Mayor of the City of Rensselaer; Margaret Van Dyke ("Van Dyke"), Treasurer of the City of Rensselaer; and Maureen Nardacci ("Nardacci"), Clerk of the City of Rensselaer. Id. Plaintiff has also sued Lynn Ganance ("Ganance"), who was mayor of Rensselaer and a member of the Board of Public Safety when the alleged constitutional

violations occurred. Id. Plaintiff alleges that Chief Fusco, with the assistance of Deputy Chief Frankoski, brought disciplinary charges against Plaintiff in retaliation for Plaintiff's union activities and public statements criticizing Chief Fusco's management of the police department. Id. at ¶¶ 29-44. Plaintiff also alleges that Defendants Pratt, Van Dyke, Nardacci, and Ganance knew or should have known that Chief Fusco filed disciplinary charges against him in retaliation for his statements and did nothing to stop this allegedly illegal action. Id. at ¶¶ 45-53. Pursuant to 42 U.S.C. § 1983, Plaintiff brings eight claims against Defendants for violations of, and conspiracy to violate, his rights to freedom of association; freedom of speech; and due process under the United States Constitution and the New York State Constitution. Id. at ¶¶ 58-83.

Presently before the Court are two Motions: (1) a Motion by Defendants City of Rensselaer, Pratt, Van Dyke, Nardacci, and Ganance ("City Defendants"), pursuant to Rules 12(b)(1) and (6), Rule 12(c), and Rule 56(b) of the *Federal Rules of Civil Procedure*, to dismiss Plaintiff's Complaint and/or for qualified immunity; and (2) a Motion by Chief Fusco and Deputy Chief Frankoski ("Police Defendants"), pursuant to Rules 12(b)(1) and/or (6), Rule 12(c), and Rule 56(b) of the *Federal Rules of Civil Procedure*, to dismiss Plaintiff's Complaint. See Dkt. Nos. 15 & 16. For the reasons stated below, the Court grants Defendants' Motions and dismisses the case in its entirety.

**I.     Background**

The City of Rensselaer employed Plaintiff as a police officer from May 5, 1986 until April 12, 2002. Compl. (Dkt. No. 1) at ¶ 4. During his employment with the Department,

2

Plaintiff joined and was a member of the Rensselaer Police Officers' Union, Local 1571 Security and Law Enforcement Employees, Council 82, AFSCME (the "Union"). Id. at ¶ 17. Plaintiff alleges that in April, 2001, the Union held a meeting related to Chief Fusco's management of the Department. Id. at ¶ 27. During the Union meeting, Plaintiff states that he and thirteen (13) other members of the Union voted to call for Chief Fusco's resignation. Id. According to Plaintiff, on August 22, 2001, Chief Fusco, assisted by Deputy Chief Frankoski, brought a Notice of Discipline against Plaintiff in retaliation for Plaintiff's vote of no-confidence during the Union meeting. Id. at ¶¶ 33-34.

Plaintiff attended a meeting of the City of Rensselaer's Common Council on September 19, 2001. Id. at ¶ 35. At the meeting, Plaintiff "expressed his personal concern that good Officers were forced to leave the Rensselaer Police Department because of defendant Fusco's illegal actions. . . . [and] implored defendant City and its Board of Public Safety to take action and help the Police Department." Id. at ¶ 38. On September 21, 2001, Plaintiff asserts that Chief Fusco, again allegedly with Deputy Chief Frankoski's assistance, brought another Notice of Discipline against Plaintiff in retaliation for his public statements at the Common Council meeting ("September 2001 Notice"). Id. at ¶¶ 40-41. Plaintiff explains that Police Defendants sought to have Plaintiff dismissed from the Department in the September 2001 Notice based on Plaintiff's statements to the Common Council and for sleeping on duty during the midnight shift on August 19, 2001. Id. at ¶¶ 42-43. On January 23, 2002, Plaintiff received another Notice of Discipline. Id. at ¶ 49.

The August and September 2001 Notices of Discipline were consolidated for a hearing

3

before an arbitrator on February 14, 2002. Id. at ¶ 49. On April 9, 2002, the Arbitrator found Plaintiff guilty of the charges in the September 2001 Notice; the City Defendants ratified the arbitration award and dismissed Plaintiff on April 12, 2002. Id. at ¶¶ 50-51. Plaintiff sought an order from New York State Supreme Court vacating the Arbitrator's award, pursuant to Section 7511 of *New York Civil Practice Law and Rules* ("CPLR"), as well as orders directing the parties to rearbitrate the charges before a different arbitrator and reinstating Plaintiff to the Department. Justice Ceresia's Dec.-Order (Dkt. No. 15, Attach. 14) at 3. Defendants responded and, pursuant to CPLR §§ 7510 & 7511(e), cross-moved to confirm the Arbitrator's award. Id. On September 19, 2002, New York Supreme Court Justice George B. Ceresia, Jr. denied Plaintiff's petition and confirmed the Arbitrator's award terminating Plaintiff from the Department. Id. at 6-7.

**II.     Discussion**

   **A.     Standard of Review**

Rules 12(b) & (c) of the *Federal Rules of Civil Procedure* require that if matters "outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . ." FED. R. CIV. P 12(b) & (c). However, if a court excludes extrinsic evidence submitted to it from its considerations, motions brought under Rules 12(b) & (c) do not need to be converted to motions for summary judgment. See Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002). Both City Defendants and Police Defendants submitted significant numbers of affidavits and exhibits in support of their Motions; Plaintiff responded with his own submissions, including an affidavit asserting

4

salacious and seemingly unfounded rumors. However, aside from documents properly considered by a court on a motion to dismiss, the Court has not considered the various exhibits and affidavits submitted by Plaintiff and Defendants.[1] Accordingly, Defendant's Motions will not be considered as motions for summary judgment.

Dismissal of a complaint, pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, for failure to state a claim upon which relief may be granted is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" set forth therein. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "[A] plaintiff is required only to give fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell Univ., 445 F.3d 586, 590 (2d Cir. 2006). A court considering a Rule 12(b)(6) motion "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). The Rule 12(b)(6) standard also applies to motions brought under Rule 12(c) of the *Federal Rules of Civil Procedure* for judgment on the pleadings. Id.

### B.   Plaintiff's Retaliation Claims Are Time-Barred

Plaintiff's federal constitutional claims brought pursuant to § 1983 are governed by New York's three-year statute of limitations for personal injury actions. See Connolly v. McCall, 254

---

[1] On a motion to dismiss, a necessary prerequisite to a court's consideration of a document, other than the complaint, is a plaintiff's reliance on the terms and effect of that document in drafting the complaint. Chambers, 282 F.3d at 153. In reaching its decision, the Court only considered the facts as presented in Plaintiff's Complaint and Justice Ceresia's Decision and Order, which is an undisputedly authentic document central to the events before the Court.

F.3d 36, 40-41 (2d Cir. 2001) (citing Owens v. Okure, 488 U.S. 235, 240-41 (1989); Bd. of Regents v. Tomanio, 466 U.S. 478, 484 (1980)).  Plaintiff filed his suit on April 8, 2005. Accordingly, this suit is time-barred unless the claim accrued on or after April 8, 2002.  Federal law determines when the claim accrues, which is "when the alleged conduct has caused the [plaintiff] harm and the [plaintiff] knows or has reason to know of the allegedly impermissible conduct and the resulting harm."  Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994).  Plaintiff argues that Singleton v. New York, 632 F.2d 185 (2d Cir 1980) established that accrual starts when "the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action."  Id. at 192; Plntf's Mem. of Law in Opp. at 9.  Plaintiff asserts that the Notice of Discipline that he received does not trigger the running of the limitations period simply because of the proposed termination penalty.  Plntf's Mem. of Law in Opp. at 10. Instead, Plaintiff states that there was "no constitutional injury until the arbitrator issued a decision and imposed a penalty of termination" on April 9, 2002.  Id.  Moreover, Plaintiff stresses that arbitrators are vested with authority to find employees not guilty and to modify penalties and that, therefore, to hold that an injury accrued before the arbitrator's decision "would be tantamount to proclaiming all arbitrations under a collective bargaining agreement a sham." Id.

In Washington v. County of Rockland, 373 F.3d 310 (2d Cir. 2004), plaintiffs filed suit alleging that the defendants' discriminated against them by selectively maintaining administrative disciplinary charges against them on the basis of their race.  Id. at 314, 317.  The Second Circuit held that the plaintiffs' discrimination claims accrued at the time the disciplinary

6

charges were filed.  Id. at 319.  The Circuit reasoned that the crux of the plaintiffs' argument was that in deciding to initiate and pursue the disciplinary charges, the defendants engaged in discriminatory conduct; therefore, the underlying substance of the administrative proceedings was not implicated.  Id.  The Circuit held that plaintiffs' claims accrued when they knew or should have known of the discriminatory action - which was when plaintiffs knew or had reason to know that defendants filed the charges.  Id.

In his Complaint, Plaintiff alleged that: (1) on August 22, 2001 Police Defendants brought a Notice of Discipline against him in retaliation for his vote of no-confidence in Chief Fusco, Compl. (Dkt. No. 1) at ¶ 33; (2) on September 21, 2001 Police Defendants brought a disciplinary charge in retaliation for Plaintiff's no-confidence vote and his public statement at the Common Council meeting, id. at ¶¶ 41-44; (3) City Defendants knew or should have known that the August and September 2001 Notices were brought in retaliation for Plaintiff's criticism of Chief Fusco, and did nothing to stop these retaliatory actions, id. at ¶¶ 45-47; and (4) City Defendants knew or should have known that Plaintiff was terminated in retaliation for his no-confidence vote and for speaking out against Chief Fusco, id. at ¶ 52.

Plaintiff's claims accrue when he has allegedly suffered harm due to Defendants conduct and knows or should know of the allegedly impermissible conduct.  Veal, 23 F.3d at 724.  Like the plaintiffs in Washington, Plaintiff has specifically alleged that Defendants retaliated against him by bringing the Notices of Discipline against him on August 22, 2001 and September 21, 2001. Accordingly, based on Plaintiff's allegations, he had reason to believe that he was singled out by Defendants based on his criticisms of Chief Fusco and was harmed when he received the

7

disciplinary charges. Therefore, as a matter of law, Plaintiff's retaliation claims accrued on August 22, 2001 and September 21, 2001, before the April 8, 2002 date that is the oldest date within the three-year period prior to the commencement of this suit. Accordingly, Plaintiff's retaliation claims are untimely and should have been brought in this Court no later than September 21, 2004 - nearly seven (7) months before the present case was filed.

The Court disagrees with Plaintiff's assertion that this Order is "tantamount to proclaiming all arbitrations under a collective bargaining agreement a sham." See Plntf's Mem. of Law in Opp. at 10. The substance of Plaintiff's Complaint is not directed at the claims underlying the arbitrator's decision, but is directed at the manner and motivation for bringing the disciplinary charges in the first place. As a result, different legal issues are implicated in the two proceedings and there is no need to refrain from filing a federal retaliation claim in this instance until after the disposition of the administrative proceeding. See Washington, 373 F.3d at 319-320.

### C.     Plaintiff Failed to State Any Due Process Claims

Rule 8 of the *Federal Rules of Civil Procedure* provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Hudson v. Artuz, No. 95 CIV. 4768(JSR), 1998 WL 832708, *1

8

(S.D.N.Y. Nov. 30, 1998) (quoting Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the Court to assess the sufficiency of plaintiff's claims, and may properly be dismissed by the Court. See Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.). Dismissal pursuant to the rule "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power to, on its own initiative, . . . dismiss the complaint." Id.

In Davidson v. Flynn, 32 F.3d 27 (2d Cir. 1994), a prisoner proceeding *pro se* filed suit against officials for violating his Eighth Amendment right to be free from cruel and unusual punishment. The plaintiff prisoner claimed, *inter alia*, a deprivation of his procedural due process right and in support simply asserted in his complaint, without further explanation, that the proceeding resulting in the alleged violation was in violation of case law and Department of Corrections standards. See id. at 31. The Second Circuit found that plaintiff's conclusory allegation did not provide any indication of what aspect of required procedure was not provided and, therefore, the due process claim was insufficient. Id.

In the instant case, Plaintiff is represented by counsel, who is necessarily expected, more than any plaintiff proceeding *pro se*, to be familiar with the, relatively permissive, federal

9

pleading requirements. With respect to Plaintiff's due process claims, the Complaint asserts:

> 72. Plaintiff had a property interest in his position.
> 73. Plaintiff could only be removed from his position in accordance with the terms of the Collective Bargaining Agreement between defendant City of Rensselaer and the Union.
> 74. Upon information and belief, defendants knew that plaintiff's public statement at the September 19, 2001 Common Council meeting was protected speech under the City of Rensselear Police Department's Duties and Rules of Conduct.
> 75. Defendants entered into a course of conduct in order to circumvent the requirements of Collective Bargaining Agreement.
> 76. Defendants entered into a course of conduct to deprive plaintiff of his constitutionally protected interest in his position.

Compl. (Dkt. No. 1) at ¶¶ 72-76. After reviewing Plaintiff's Complaint, the Court has not found, beyond the conclusory allegations above, any facts pled that relate to any deprivation of due process Plaintiff may have suffered. As a consequence of this failure, Plaintiff's Complaint does not indicate which Defendant violated his due process right and what actions were taken that resulted in the complained-of deprivation. Plaintiff's due process claims are so ambiguous that the Court cannot determine their sufficiency. Plaintiff's counsel has not met the permissive federal pleading requirements and, as a result, the Court must dismiss Plaintiff's due process claims. See Davidson, 32 F.3d at 31.

### D.    State Law Claims

Having dismissed Plaintiff's federal claims, the only claims remaining are claims brought pursuant to New York State law. The Court declines to exercise its discretion to entertain such claims. Accordingly, the state law claims are dismissed.

### III. Conclusion

Accordingly, it is hereby

**ORDERED**, that City Defendants' Motion to dismiss or alternatively for summary judgment (Dkt. No. 15) is **GRANTED IN PART and DENIED IN PART** and the claims against City Defendants are **DISMISSED**; and it is further

**ORDERED**, that Police Defendants' Motion to dismiss or alternatively for summary judgment (Dkt. No. 16) is **GRANTED IN PART and DENIED IN PART** and the claims against Police Defendants are **DISMISSED**; and it is further

**ORDERED**, that Police Defendant's Motion for attorney's fees (Dkt. No. 16) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) and the case are **DISMISSED** in their **ENTIRETY**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties by regular mail.

**IT IS SO ORDERED.**

DATED:   March 22, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge